AYRES, Judge.
The object sought by this action is the cancellation and erasure from the conveyance records of Bienville Parish of an option to purchase a described 325-acre tract of land executed on September 16, 1971, by plaintiffs Elston A. McGinty and A. Elizabeth McGinty, husband and wife, to defendants, Elmus J. Littleton and Shirley Guillot Littleton, also husband and wife. Recovery of damages allegedly resulting from the purported wrongful recordation of the option after its termination is also sought.
Cancellation of the option was sought not only on the basis that it had expired but for the reason that it was null and void *433 ab initio for the lack or want of consideration. Defendants denied that the option was executed without consideration or that it had expired and sought specific performance in connection therewith and recovery of damages.
Robert P. Thomas, in whose favor plaintiffs executed a separate option to purchase the property, after plaintiffs claimed that the first option had expired, intervened informally and characterized himself as a defendant, but generally espoused the cause of plaintiffs. Return of $5,000 paid plaintiffs in accordance with the terms of the option for the first year’s rent of the property, that is, for the year 1972, was sought. From the defendants, intervenor claimed damages for their deprivation of his use of the property.
After trial, the court concluded the option had terminated, and the instrument was accordingly ordered canceled and erased from the public records; the consideration paid by Thomas, intervenor, was ordered returned; the demands of all parties for damages were rejected; and costs were assessed one-half each to McGinty and Littleton. From the judgment, only defendants appealed and devolutively only; neither plaintiffs nor intervenor appealed.
Plaintiffs, in answer to defendants’ appeal, nevertheless pray they be awarded damages against defendants in the sum of $5,000 for the loss of rental of the property for the year 1972, and that they be relieved from the payment of any portion of the court costs.
The intervenor, in answer to defendants’ appeal, prayed that he have and recover judgment from the defendant Elmus J. Lit-tleton for the sum of $3,800 incurred in renting other property and expended in the cultivation thereof during the year 1972.
Of primary importance is the question of the termination vel non of defendants’ option. In that document, plaintiffs granted unto defendants an exclusive and irrevocable option and right to purchase “. . . for a period of Two (2) months from the date hereof,” which option “shall remain in force thereafter until one (1) year from the date hereof [September 16, 1971] unless earlier terminated by the Seller,” who “may terminate this offer at any time after the Two (2) months’ irrevocable period . . . by giving . . . ten (10) days' written notice of intention to terminate . Acceptance of this option by the Buyer within ten (10) days after such notice is received by him shall constitute a valid acceptance of the option.” (Emphasis supplied.)
Not having previously accepted the option, defendant Littleton, on November 15, 1971, called plaintiff McGinty at his residence in Torrance, California. Pursuant to Littleton’s request in that conversation, McGinty, on the next day, wrote Littleton a letter extending the expiration date of the option to January 16, 1972. The letter reads as follows:
“This will serve to comply with your request for an extension to the option to purchase which was signed by me on the 16th of September, 1971. This was for a 2 month period and due to the time required for the processing of your loan application I do hereby agree to extend the time for a period not to exceed 2 months from this date, thus making the extension end on January 16, 1972,
“However, as discussed in our telephone conversation last evening, should you receive information prior to the date mentioned above that the loan cannot be made, you will advise me immediately in order that I may take other action to put the property back on the market.
“Trusting that you will keep me advised as to the progress and supply me • with evidence of local approval and upon notification of state approval you will also forward same to me.” (Emphasis supplied.)
This letter served as notice, in accordance with the terms of the contract, of the *434 termination of the option “making the extension end on January 16, 1972.” This statement and the letter itself are clear and unambiguous. The trial court found that this letter was the notice required to terminate the option during the one-year term following the 60-day irrevocable period.
Defendants are in no position to complain, as they were allowed 60 days instead of 10 days within which to accept or comply with the option and complete the purchase of the property. Nor would they derive any comfort or benefit if, by the giving of notice, it could be said they acquired an additional 10 days, that is, until January 26, 1972, within which to exercise the option, inasmuch as they did not accept, or give notice of their intention to accept or exercise, the option during that extended period of time.
Defendants contend, however, that their notice of acceptance of the option by their letter of February 17, 1972, was timely. Reliance was placed in a letter from plaintiff McGinty to defendant Littleton dated February 9, 1972, which reads as follows:
“This letter [is] to advise you that due to the time lapse and the uncertainty of your loan application in which I signed an option to purchase agreement dated September 16, 1971 for a 2 month irrevocable period which included the right of the buyer to have 10 days written notice of sellers to terminate said agreement, our agreement has terminated without recourse.
“Enclosed you will find a copy of my letter dated November 16, 1971 in which I did comply with your request to forward an extension. You stated that in order for Farmers Home Administration to continue to process your application you would need a written extension. As underlined in the first paragraph, which is in writing, I informed you that this period was not to exceed 2 months, giving a definite termination date of January 16,1972.
“It is unfortunate that so much time was consumed, however I am certain that you understand my position in not being able to wait indefinitely. I have to make definite plans and as stated before I could not extend the option beyond the date of January 16, 1972.” (Emphasis supplied.)
From the language of this letter, defendants’ learned counsel would have us conclude that plaintiff was giving the defendants 10 days’ notice of the seller’s intention to terminate the lease which allowed defendants until February 19, 1972, to exercise the option, which they pretended to do on February 17. We do not so interpret the purpose or intent of the letter. The notice required by the option, as heretofore noted, was given on November 16, 1971. The latter letter was written, so McGinty explained, because of harassment obviously provoked by the continuous presence of the terminated option on the public records,' and by the urgings by defendants and personnel of defendants’ lending agency that the expiration date be further extended. We are therefore in accord, with the conclusion reached below that the option had expired before defendants gave notice of their acceptance.
Inasmuch as we are in accord with the conclusions of the trial court that defendants’ option had terminated by its own terms, it is unnecessary to consider the question of the lack or want of consideration to support the option.
With respect to the questions of damages, it may be pointed out that whatever losses, if any, the defendants may have sustained are due to their failure to timely exercise the option. Whatever damages were sustained by the intervenor were too speculative to constitute a basis for judgment.
With regard to plaintiffs’ initial claim for damages, it appears appropriate to point out that of the annual rent of $5,000 specified to be paid plaintiffs by the intervenor, one-half was to be credited on *435 the purchase price of the property in the event the intervenor exercised his option to purchase. Thus, by reason of defendants’ claim and the recordation of their terminated option, the intervenor properly made demand for the return of the advances made. Plaintiffs conceded the correctness of this demand, and the judgment directed that the payment be refunded. Therefore, it can only be concluded that plaintiffs did lose $2,500 as rental of the property for the year 1972 as a result of the fault of defendants Littleton whose acts prevented Thomas from fulfilling his obligation. It was then too late in the season for plaintiffs to secure another renter for that year. McGinty should recover this sum from defendant Littleton.
We are not in accord with the conclusion of the trial court that fault in this case lies with both plaintiffs and defendants. The record discloses no question of plaintiff McGinty’s good faith. He was eager to sell the property. He dealt with defendants in good faith — granted an option with only minimal and nominal monetary consideration, aided defendants by an extension of the option for an additional term of two months, again without any monetary consideration. It was only after defendants failed to timely exercise the option that plaintiff negotiated with Robert P. Thomas. In so doing, he sought not to enrich himself at the expense of defendants. He agreed to sell the property to Thomas at the same price at which he had offered it to defendants; he sought no additional benefits.
In view of the above conclusions, the necessity of determining the effect of defendants’ devolutive appeal upon interve-nor’s subsequently acquired option to purchase the property may well be dispensed with as moot.
For the reasons hereinabove assigned, the judgment appealed is amended by an award of damages in favor of plaintiff Elston A. McGinty against the defendant Elmus J. Littleton in the sum of $2,500, with, legal interest thereon from judicial demand until paid, and for all costs, including the cost of this appeal; and, as thus amended, the judgment appealed is affirmed.
Amended and affirmed.